UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

ABDULLAH-RAFA BROWN,

        Plaintiff,

    v.

WILLIAM ROTENBERG, Advanced
Manufacturing Career Navigator, Finger
Lakes WIC Board, LEE KOSLOW,
Technical Assistance and Training
Manager, and BRADLEY STALKER,
Educational Recruiter, in their personal and
professional capacity duty equally and
independently as agents of Rochester
Works, Rochester, New York, County of
Monroe,

        Defendants.

_____

**DECISION AND ORDER**

6:15-CV-6678 EAW

## <u>INTRODUCTION</u>

Plaintiff Abdulla-rafa Brown ("Plaintiff"), proceeding *pro se*, brings this action

under 42 U.S.C. § 1983, asserting constitutional violations arising out of the Defendants'

purported failure to pay all of his tuition for classes at Monroe Community College,

which caused the transcript of his grades to be withheld. (Dkt. 10).

This Court previously directed Plaintiff to file an amended complaint, (Dkt. 7),

and Plaintiff has done so. (Dkt. 10). Plaintiff's amended complaint must be screened

pursuant to 28 U.S.C. § 1915(e)(2)(B). Also before the Court are Plaintiff's motions to

amend his complaint to: increase the amount of damages claimed (Dkt. 11); add factual

allegations (Dkt. 12); add a punitive damages claim (Dkt. 13); and file an exhibit (Dkt. 15).

For the reasons stated below, the amended complaint is dismissed pursuant to § 1915(e)(2)(b), and the motions to amend are denied.

## FACTUAL BACKGROUND[1]

On July 12, 2012, Plaintiff attended a seminar during which he learned about the opportunity to enroll at Monroe Community College ("MCC"), with financial support in the form of a grant. (Dkt. 10 at 3). Plaintiff began to discuss the opportunity with Defendant William Rotenberg ("Rotenberg"), a Career Navigator with Rochester Works. (*Id.*). Rotenberg told Plaintiff he had to only follow Defendant Bradley Stalker's ("Stalker") instructions to enroll. (*Id.*).

On August 17, 2012, Plaintiff enrolled at MCC "in the presence of . . . Stalker." (*Id.*). Stalker instructed Plaintiff to apply for financial aid. (*Id.* at 4). Stalker also informed Plaintiff that he "was entitled to a grant of $2,100.00 to cover [P]laintiff's college expenses." (*Id.*). Plaintiff asserts that Defendants received money to pay Plaintiff's grant on November 10, 2012, and made a partial payment to MCC of $333.33. (*Id.*). This left Plaintiff with a deficiency in the tuition owed to MCC of approximately $1,722.00. (*Id.*). Plaintiff asked Stalker on December 12, 2012, to pay the balance of the tuition owed, but his request was refused. (*Id.*). The tuition balance was never paid, and

---

[1]     The facts here are those alleged in the amended complaint.

MCC froze Plaintiff's grades for the Fall 2012 semester due to the tuition deficiency. (*Id.*).

Plaintiff claims that Defendants violated the Workforce Investment Act of 1998, 29 U.S.C. §§ 2801 (since repealed and replaced, *see* 29 U.S.C. § 3343) (hereinafter "WIA"). (*Id.* at 4, 5 (referencing WIA)). Plaintiff further claims violations of his constitutional due process rights. (*Id.* at 2).

## DISCUSSION

**I.    Plaintiff's Amended Complaint Must Be Dismissed**

Pursuant to 28 U.S.C. § 1915, a court must dismiss an action if it determines that it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in the plaintiff's favor. *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). Moreover, "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004).

Nevertheless, even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73, 77-78 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks and citation omitted); *see also Boykin v.*

*Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (explaining that, "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases").

## A. <u>Section 1983 Claims</u>

Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . .

42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 132 S.Ct. 1657, 1661 (2012) (quoting § 1983). To state a § 1983 claim, a plaintiff must allege: (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citations omitted). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

In order to state a claim for relief under § 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. *Farid v. Elle*, 593 F.3d 233, 249 (2d Cir. 2010). A claim which fails to demonstrate a defendant's personal involvement in the alleged

- 4 -

constitutional deprivation is subject to *sua sponte* dismissal. *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997).

### 1.    Claims against Defendant Koslow Must Be Dismissed

Plaintiff's complaint does not include any factual allegations to demonstrate personal involvement of Defendant Lee Koslow ("Koslow") in the alleged constitutional violations. (*See* Dkt. 10). Plaintiff has failed to allege how Koslow was personally involved in the denial of an additional payment to MCC. Plaintiff's original complaint also failed to include any specific factual allegations against Koslow, which led to this Court previously dismissing claims against Koslow. (Dkt. 7 at 7). Plaintiff has not remedied this deficiency in his amended complaint. Accordingly, Plaintiff's claims against Koslow are dismissed for lack of personal involvement. *See Farid*, 593 F.3d at 249.

### 2.    Plaintiff's Due Process Claims

Even assuming that Rotenberg and Stalker were acting under color of law, Plaintiff fails to state a due process claim. To do so, a plaintiff must allege that he possessed a protected liberty or property interest, and that he was deprived of that interest without due process. *Bedoya v. Coughlin*, 91 F.3d 349, 351-52 (2d Cir. 1996); *Frazier v. Coughlin*, 81 F.3d 313, 316 (2d Cir. 1996). "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property without due process of law, and 'those who seek to invoke its procedural protection must establish that one of these interests is at stake.'" *Victory v. Pataki*, 814 F.3d 47, 59 (2d Cir. 2016), *as amended* (Feb. 24, 2016) (citation omitted).

In general, to have a property interest in a government benefit, "a person clearly must have more than an abstract need for it. He must, instead, have a legitimate claim of entitlement to it." Such an entitlement is not created by the Constitution itself but rather "'by existing rules or understandings that stem from an independent source. . . .'" In considering [an independent source], we focus initially on the relevant statute, regulation, or contract establishing eligibility for the government benefit at issue.

*Plaza Health Labs., Inc. v. Perales*, 878 F.2d 577, 581 (2d Cir. 1989) (internal citations omitted).

Here, Plaintiff makes no allegation as to what protected liberty or property interest of which he was deprived. (*See* Dkt. 10). Plaintiff only claims that Defendants failed to pay his MCC tuition. Reading Plaintiff's allegations liberally, he links the failure to pay with an alleged requirement under the WIA that his tuition be paid. This is not sufficient to show a property interest. The WIA provided that "nothing in [the WIA] shall be construed to provide an individual with an entitlement to a service. . . ." 29 U.S.C. § 2945(12). As Plaintiff has no entitlement to payment under the WIA, he has no legitimate claim of a protected property interest. Thus, he fails to state a due process claim.

### B.    Plaintiff's Claim under the WIA

Plaintiff also claims that Defendants violated the WIA by failing to pay for Plaintiff's tuition with grant money allegedly earmarked for Plaintiff. (Dkt. 10 at 3). Plaintiff points to no particular section of the WIA that was violated, nor the basis for a private right of action under the WIA. (*See id.*). Plaintiff notes that his grant was offered due to his status as a veteran. The WIA provided for the administration of grants specifically for veterans. *See* 29 U.S.C. § 2913. Nothing in this provision suggests a

private right of action to enforce the payment of a grant. *See id.* The WIA provides a right of judicial review for any decision by the Secretary of Labor which declines or only conditionally approves an award of financial assistance under the WIA, 29 U.S.C. § 2937, but Plaintiff does not challenge a decision of the Secretary. He merely challenges a decision by Rochester Works, a purported grantee under the WIA. Additionally, as noted above, "nothing in [the WIA] shall be construed to provide an individual with an entitlement to a service. . . ." 29 U.S.C. § 2945(12). As there is no private right of action under the WIA, Plaintiff fails to state a claim for relief. *See, e.g., Machie v. Nguyen*, 824 F. Supp. 2d 146, 151 (D.D.C. 2011) (finding no private right of action to enforce the non-discrimination provision of the WIA).

### 4. **Further *Sua Sponte* Leave to Amend is Denied**

Generally, the Court grants leave to amend a *pro se* complaint "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of N.Y.*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks omitted). *But see, e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (finding that leave to replead would be futile where the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe"). However, Plaintiff has already been provided such an opportunity to amend and has failed to remedy the deficiencies in his complaint. The amended complaint does not suggest that reframing the allegations would be sufficient to state a claim. Accordingly, no further leave to amend will be granted *sua sponte*.

## II.  Plaintiff's Motions to Amend are Denied

Plaintiff has moved to amend the amended complaint in various ways.  None of the proposed amendments remedy the failures described above.

Federal Rule of Civil Procedure 15 provides that the Court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Nevertheless, "it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id.*

In this District,

> [a] movant seeking to amend or supplement a pleading must attach an unsigned copy of the proposed amended pleading as an exhibit to the motion. The proposed amended pleading must be a complete pleading superseding the original pleading in all respects. No portion of the prior pleading shall be incorporated into the proposed amended pleading by reference.

L.R. Civ. P. 15(a).

Although Plaintiff has failed to comply with Local Rule 15, in that he did not attach an unsigned copy of the proposed amended complaint as an exhibit to any of his motions, (*see* Dkt. 11; Dkt. 12; Dkt. 13; Dkt. 15), the Court overlooks this procedural formality.

Plaintiff's motions to increase the damages amount (Dkt. 11), and to add a demand for punitive damages (Dkt. 13), both fail to remedy the issues stated above.  Even if these

motions were granted, Plaintiff would still fail to state a claim. Therefore, those motions must be denied as futile.

The same is true of Plaintiff's motion to add an exhibit to his amended complaint. (*See* Dkt. 15). The exhibit seems to be a photocopy of a New York state statute, the Textbook Access Act ("TAA"). (*Id.* at 2-3 (showing N.Y. Educ. Law §§ 720-24)). Plaintiff offers no argument or reasoning as to why he seeks to add this exhibit to his amended complaint. No factual allegations in Plaintiff's amended complaint suggest a violation of this statute. Additionally, the language of the TAA does not seem to support a private right of action. No state or federal court appears to have even cited to the TAA. Because Plaintiff has not adequately stated the basis for any relief, and the Court cannot deduce Plaintiff's reason for seeking to add the exhibit, Plaintiff's motion to add the exhibit must be denied.

Finally, Plaintiff seeks to add additional factual allegations to his amended complaint. (Dkt. 12). Plaintiff alleges that Koslow was the lead administrator at the Rochester Works office. (*Id.* at 2). He further alleges that Koslow knew and reviewed Stalker's actions, and that Koslow directed Stalker to deny Plaintiff's tuition payment. (*Id.* at 3). Plaintiff's proposed additional facts would be sufficient to show personal involvement by Koslow. Nonetheless, adding factual allegations as to Koslow is futile, in that—even assuming Koslow acted under color of state law—Plaintiff still fails to state a due process claim or claim under the WIA as to Koslow.

Plaintiff also seeks to add an equal protection claim on the theory that he represents a "class of one." (*Id.* at 3). The Second Circuit has described a class-of-one claim as follows:

> A class-of-one claim exists where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. We have held that to succeed on a class-of-one claim, a plaintiff must establish that: (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake.

*Analytical Diagnostic Labs, Inc. v Kusel*, 626 F.3d 135, 140 (2d Cir. 2010) (citations and quotations omitted). Here, Plaintiff has made no allegations regarding the treatment of others that would permit the Court to conclude that he has met the class-of-one standard. Accordingly, the amendment is futile, and Plaintiff's motion must be denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's motions to amend (Dkt. 11; Dkt. 12; Dkt. 13; Dkt. 15) are denied, and Plaintiff's amended complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is instructed to terminate the case.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: August 3, 2017
Rochester, New York